NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4416
_____

MICHAEL MINDOCK,
                                        Appellant

v.

WEIR MINERALS NORTH AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-09-cv-02432)
District Judge:  Honorable A. Richard Caputo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 4, 2012

Before:  FUENTES, FISHER and COWEN, *Circuit Judges*.

(Filed: October 17, 2012)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

        Michael Mindock appeals the District Court's grant of summary judgment in favor

of Weir Minerals North America ("Weir"), ending its consideration of his employment

discrimination claim.  For the reasons stated below, we will affirm the District Court's

judgment.

## I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Michael Mindock worked as a Technical Manager at Weir Minerals Hazleton, Inc., from September 2006 to March 2009. He was hired to fill this newly created role in order to learn from Thomas Stirling, who Mindock would eventually replace when Stirling retired. Both men were later transferred from the Sales and Marketing Department to the General Engineering Department as a result of Weir's 2008 reorganization. Mindock asserts that after this move he was assigned less substantial work and that many of his assignments were taken away and given to younger workers while still in progress. Mindock also states that his duties during this time shifted to require an increased emphasis on mentoring and training younger workers. Mindock complained to his employers about this transfer and the changes in his work. Mindock was dismissed in March 2009. He claims that his termination was the result of age discrimination; younger, cheaper workers in the engineering department were retained.

Weir, on the other hand, claims that it decided to let go of Mindock as part of a twenty-three percent reduction in force triggered by the economic downturn. Mindock, Weir contends, had skills and abilities that significantly overlapped with those of Mr. Stirling, who had not retired. Weir states that it elected to keep Stirling over Mindock

because of Stirling's knowledge, experience, connections, and ability to mentor younger workers. The Technical Manager position that Weir had created when Mindock joined the firm was thus eliminated.

Mindock was issued a Notice of Right to Sue by the Equal Opportunity Employment Commission on or about September 11, 2009. On December 1, 2009, Mindock brought this action alleging that Weir had violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* Mindock sought injunctive relief and damages. Weir moved for summary judgment in August 2011, and the District Court granted the motion. Mindock appeals from that decision.

## II.

The District Court had subject matter jurisdiction under 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291. We conduct a plenary review of the District Court's grant of summary judgment, affirming when there is no genuine issue of material fact remaining to be decided and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56; *see Union Pac. R.R. Co. v. Greentree Transp. Trucking Co.*, 293 F.3d 120, 125 (3d Cir. 2002). This Court looks only at the record as it existed at the time of summary judgment, and views the evidence in the light most favorable to the non-moving party. *Union Pac.*, 293 F.3d at 126.

3

III.

Mindock alleges that Weir violated the ADEA by transferring his skills and responsibilities to younger, less expensive workers and by ultimately dismissing him. Under the ADEA, it is unlawful to "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age." 29 U.S.C. § 623(a)(1). Claims established by indirect evidence, as is the case here, are analyzed under the three-step process laid out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Smith v. City of Allentown*, 589 F.3d 684, 689 (3d Cir. 2009).

Under *McDonnell Douglas*, the plaintiff always bears the burden of persuasion and bears the initial burden of production in establishing the prima facie case that age discrimination has occurred. *Id.* To establish the prima facie case, the plaintiff must show:

> " . . . first, that the plaintiff is forty years of age or older; second, that the defendant took an adverse employment action against the plaintiff; third, that the plaintiff was qualified for the position in question; and fourth, that the plaintiff was ultimately replaced by another employee who was sufficiently younger to support an inference of discriminatory animus."

*Id.* (citing *Potence v. Hazleton Area Sch. Dist.*, 357 F.3d 366, 370 (3d Cir. 2004)). Here, the District Court correctly found that Mindock clearly fulfilled the first three

4

requirements because he was 47 years old at the time that Weir terminated him and because nothing in the record suggests he was unqualified.

Weir argued that Mindock could not possibility fulfill the fourth requirement because the Technical Manager position was eliminated, and Mindock was therefore not replaced by anyone. The District Court rejected this argument, noting that Weir's position would circumvent the purpose of the fourth prong by requiring the court to accept Weir's stated reason for dismissing Mindock as true, even if the evidence would show that this explanation was in fact a pretext at a later stage in the *McDonnell Douglas* analysis. We agree. Mindock has sufficiently established the prima facie case because the evidence shows he was terminated "under circumstances that give rise to an inference of unlawful discrimination." *Waldron v. SL Indus.*, 56 F.3d 491, 494 (3d Cir. 1995) (citing *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981)). Viewing the facts in the light most favorable to Mindock, evidence that Weir transferred Mindock's skills to younger workers by asking him to train and mentor younger workers, consistently moved him off of projects he had begun work on, and changed his purview upon transfer to the Engineering Department gives rise to such an inference.

Because Mindock made out the prima facie case for discrimination, the burden of production (though not the burden of persuasion) then shifted to Weir to provide a non-discriminatory reason for dismissing Mindock. *See Smith*, 589 F.3d at 690. Weir showed that it had conducted two rounds of workforce reduction and that Mindock's position was

5

eliminated because of its redundancy with Stirling's role. We agree with the District Court that this evidence, taken as true for this purpose, establishes that Weir had a legitimate non-discriminatory reason for terminating Mindock.

The burden of production then returned to Mindock, who had the opportunity to demonstrate that Weir's proffered redundancy rationale was in fact mere pretext for age discrimination. *See id.* In order to succeed here, Mindock had to "present evidence contradicting the core facts put forward by the employer as the legitimate reason for its decision." *Kautz v. Met-Pro Corp.*, 412 F.3d 463, 467 (3d Cir. 2005); *see also Atkinson v. Lafayette College*, 460 F.3d 447, 454 (3d Cir. 2006) ("The plaintiff must show not merely that the employer's proffered reason was wrong, but that it was 'so plainly wrong that it cannot have been the employer's real reason . . . .'"). The District Court found that Mindock had not presented sufficient evidence, noting that Mindock's argument that he was let go because Stirling decided not to retire actually supports Weir's claim of redundancy.

Mindock argues that the District Court erred in concluding he had not established pretext because it impermissibly "compartmentalized" the evidence by considering the facts used to create an initial inference of discrimination only for that point. *See Jalil v. Avdel Corp.*, 873 F.2d 701, 708 n.6 (3d Cir. 1984) ("[T]he *McDonnell Douglas* formula does not compartmentalize the evidence so as to limit its use to only one phase of the case."). Mindock contends that the evidence on which the District Court relied to find

6

that he had met his initial burden, including the fact that younger engineers were not dismissed as part of the reduction of force, also sufficiently established pretext.

This argument fails because none of that evidence contradicted the core facts behind Weir's explanation. Mindock did not show, for example, that there was not a significant redundancy between himself and Mr. Stirling. The fact that younger engineers were not dismissed is unpersuasive in this regard, because their relative lack of skills (as evidenced by the need for Mindock to train and mentor them) means that their work did not overlap in a way that would create the kind of redundancy Weir hoped to correct.

That the Court found Mindock's evidence sufficient to make out the prima facie case but not to establish pretext does not demonstrate impermissible compartmentalization. The prima facie case and the issue of pretext raise different questions, and the District Court's finding that the evidence was sufficient to meet the first – but not the second – burden was not error.

## IV.

For the foregoing reasons, we will affirm the District Court's judgment.